BFSNG Law Group LLP
Proposed Attorneys for the Debtors and Debtors-in-Possession
6851 Jericho Turnpike, Suite 250
Syosset, NY 11791
Tel: (516) 747-1136
Gary C. Fischoff, Esq.
Mark E. Cohen, Esq.
gfischoff@bfslawfirm.com
mcohen@bfslawfirm.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                                                                    Case No. 8-26-70730-spg

SPEYSIDE HOLDINGS LLC,                                              Chapter 11
d/b/a SPEYSIDE SAND & STONE

                            Debtor.
-------------------------------------------------------------X
In re:                                                                                    Case No. 8-26-70731-spg

SPEYSIDE HOLDINGS II LLC,                                         Chapter 11

                            Debtor.
-------------------------------------------------------------X
In re:                                                                                    Case No. 8-26-70732-spg

CEM III LLC,                                                                      Chapter 11

                            Debtor.
-------------------------------------------------------------X
In re:                                                                                    Case No. 8-26-70733-spg

SGD GROUP HOLDINGS II LLC,                                   Chapter 11

                            Debtor.
-------------------------------------------------------------X
In re:                                                                                    Case No. 8-26-70734-spg

SGD GROUP HOLDINGS III LLC,                                 Chapter 11

                            Debtor.
-------------------------------------------------------------X
In re:                                                                                    Case No. 8-26-70735-spg

SRG HORSEBLOCK II LLC,                                            Chapter 11

```
                                    Debtor.
----------------------------------------------------------X
In re:                                                        Case No. 8-26-70736-spg

SRG HORSEBLOCK IV LLC,                                        Chapter 11

                                    Debtor.
----------------------------------------------------------X
```

### DEBTORS' MOTION FOR THE ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF THE CHAPTER 11 CASES

**TO:   HONORABLE SHERYL P. GIUGLIANO,
        UNITED STATES BANKRUPTCY JUDGE**

Speyside Holdings LLC ("Speyside"), Speyside Holdings II LLC ("Speyside II"), CEM III LLC ("CEM"), SGD Group Holding II LLC ("SDG II"), SGD Group Holding III LLC ("SDG III"), SRG Horseblock II LLC ("SRG II"), and SRG Horseblock IV LLC ("SRG IV"), the debtors and debtors-in-possession (each a "Debtor" and collectively, the "Debtors") in the above-captioned Chapter 11 cases, by and through their proposed counsel, BFSNG Law Group LLP, respectfully submit this as an for their motion (the "Motion") for entry of an order, substantially in the form of the proposed Order annexed hereto, pursuant Section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the joint administration of the Debtors' Chapter 11 cases, together with such other and further relief as this Court deems just and proper.

## BACKGROUND

1.      Speyside, Speyside II, and CEM, cumulatively own 198.79 acres in Highland Mills, New York, on which Speyside operates an aggregate quarry supplying contractors, cement companies and other construction industry users in the Metro New York area. In February 2020, Speyside borrowed approximately 14 million dollars from Nebari National Resources Credit Fund

L.P. ("Nebari") secured by a mortgage lien on all of the quarry properties owned by Speyside, Speyside II and CEM. As additional collateral for the loan, Eugene Fernandez guaranteed the loan and debtors SGD, SGD II, SRG II and SRG IV gave mortgage liens on several parcels of vacant land located in Yaphank. Each Debtor is a part of the group of these Chapter 11 filings to protect all of the collateralized land from a foreclosure sale.

2.    After an alleged default under the loan documents, Nebari commenced an action to foreclosure upon its collateral owned by all Debtors. On July 5, 2023, the State Court appointed a receiver to oversee the quarry business. Since that time the Debtors believe the receiver and his manager have received over $800,000.00 in fees and expenses. These costs are overwhelming the Debtors' operations diverting funds that could have gone for the purchase of equipment to make the operations more cost effective. The Debtors have advised the receiver of his obligations pursuant to 11 U.S.C. § 543(c), but as of the date of this Motion, the receiver has not complied.

3.    The Debtors and Nebari have been in litigation for over four years. Debtors have seven appeals pending in the Appellate Division, Second Department, arising and from the foreclosure and related litigation. In August 2025, the State Court entered a judgment of foreclosure and sale in the amount of $26,786,774.71 plus additional interest and fees. Debtors intend to pursue the pending appeals which, if successful, would fundamentally change the financial landscape for Debtors. The pending litigation has consequently chilled possible exit options for Debtors. The Debtors intends to utilize the Chapter 11 process to clear a path forward to resolve its financial turmoil.

4.    On February 20, 2026, each of the Debtors filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code. Each of the Debtors remains in possession and control of their respective assets as debtors-in-possession. No trustee, examiner or official

committee has been appointed in either of the pending cases.

5. All of these cases are related because they are all jointly obligated to Nebari on the same loan.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over his matter pursuant to 28 U.S.C. §§157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).

7. Venue is proper in this district pursuant to 28 U.S.C. §1408.

## RELIEF REQUESTED

8. By this Motion, the Debtors seek the entry of an order directing the joint administration of these Chapter 11 cases for procedural purposes only. Debtors request that the Court maintain one file and one docket for all of the jointly administered cases under the case number assigned to Speyside, and that the cases be administered under the following consolidated caption:

```
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                                      Case No. 8-26-70730-spg

Speyside Holdings LLC                                       Chapter 11
Speyside Holdings II LLC
CEM III LLC                                                 (Jointly Administered)
SGD Group Holdings II LLC
SGD Group Holdings III LLC
SRG Horseblock II LLC
SRG Horseblock IV LLC

                    Debtors.
-------------------------------------------------------X
```

9. The Debtors further request that an entry be made on the docket of Speyside substantially similar to the following: An Order has been entered in this case under Rule 1015(b)

of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and the joint administration of the Chapter 11 cases of Speyside Holdings LLC, Speyside Holdings II LLC, CEM III LLC, SGD Group Holding II LLC, SGD Group Holding III LLC, SRG Horseblock II LLC, and SRG Horseblock IV LLC. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, the docket of Speyside Holdings LLC, Case Number 8-26-70730-spg, and such docket should be consulted for all matters affecting these Chapter 11 cases.

## BASIS FOR RELIEF

10. Bankruptcy Rule 1015(b) provides that "[i]f…two or more petitions are pending in the same court by or against…a debtor and an affiliate, the court may order a joint administration of the estates." The Debtors are "affiliates" as that term is defined under 11 U.S.C. § 101(2). The Debtors are all affiliates of each other with common ownership. Thus, the common control makes each of Debtors affiliates of each other. Accordingly, the Bankruptcy Rules authorize this Court to grant the relief requested herein.

11. Bankruptcy Rule 1015(b) promotes that fair and efficient administration of multiple cases of affiliated debtors while protecting the rights of individual creditors. Among other things, joint administration obviates the need for duplicative notices, motions, applications and orders, thereby saving considerable time and expense for the Debtors and their respective estates. Granting the requested relief shall promote the fair and efficient administration of these Chapter 11 cases.

12. Section 105 of the Bankruptcy Code also provides the Court with the power to order the joint administration of these Chapter 11 cases, as it states that that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the

provisions of [the Bankruptcy Code]."

13. The Debtors anticipate that a substantial number of the applications and other pleadings in these Chapter 11 cases will likely affect all the Debtors. The failure to jointly administer the cases would result in numerous duplicative pleadings being served upon separate, but significantly overlapping, service lists. Such duplication of substantially similar documents would be unnecessarily wasteful. Joint administration will therefore ease the administrative burden on the Court and all parties-in-interest, and will reduce fees and costs by avoiding the filing of duplicative documents and notices in each of the Debtors' separate cases.

14. In addition, joint administration will allow for the usage of one single docket for all of the Debtors' cases and combined notices to creditors each of the Debtors' estates and other parties-in-interest. Doing so also protects the rights of creditors by ensuring that the parties-in-interest in each of the Chapter 11 cases will be made aware of the various matters before the Court in each of the other related cases.

15. Finally, joint administration of theses chapter 11 cases will not adversely affect the Debtors' respective creditors because this Application requests only administrative and not substantive consolidation of the Debtors' cases. Thus, individual creditors' rights will not be harmed in the event that the relief sough is granted. Rather, creditors will benefit from the cost reductions joint administration will provide. In addition, the proposed joint administration serves to provide parties-in-interest with a more complete understanding of the cases and the relative interaction by and amongst the parties.

16. Accordingly, the Debtors respectfully request that the Court grant the Motion as joint administration is appropriate under the facts and circumstances presented.

WHEREFORE, the Debtors respectfully pray that the Court enter an Order substantially in the form of the proposed Order annexed hereto, pursuant 11 U.S.C. § 105(a), and Bankruptcy Rule 1015(b) authorizing the joint administration of the Debtors' Chapter 11 cases, together with such other and further relief as this Court deems just and proper.

Dated: Syosset, New York
       February 23, 2026

BFSNG Law Group LLP
Proposed Attorneys for Speyside Holdings LLC,
Debtor and Debtor-in-Possession

By: *s/Gary C. Fischoff*
      Gary C. Fischoff
6851 Jericho Turnpike, Suite 250
Syosset, New York 11791
Telephone: (516) 747-1136
Email: gfischoff@bfslawfirm.com